No.  90-155

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

GILT EDGE MINING CORPORATION,
a Delaware Corporation; and
BLUE RANGE MINING CO., a corporation,

        Plaintiffs and Respondents,

  -v-

GOLDEN MAPLE MINING AND LEACHING CO., INC.,
a corporation,

        Defendant and Respondent,
  and

SERONA RESOURCES CORPORATION,

        Defendant and Appellant.

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

    Robert L. Johnson, Lewistown, Montana

    For Respondent:

        James M. Regnier; Regnier, Lewis & Boland; Great
Falls, Montana
Jon A. Oldenburg, Lewistown, Montana
Patricia O'Brien Cotter; Cotter & Cotter; Great
Falls, Montana


Submitted on Briefs:  December 20, 1990

Decided:  February 1, 1991

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Serona Resources Corporation appeals an order of the Tenth Judicial District, Fergus County, granting an order of summary judgment in favor of plaintiffs/respondents Gilt Edge Mining Corporation and Blue Range Mining Company.

Rule 56(c), M.R.Civ.P., states that summary judgment shall be granted upon request, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Serona Resources, as a sublessee, maintains that it has a right to mine certain claims owned by plaintiffs/respondents. However, it is uncontested that the lease between Gilt Edge Mining Corporation and Golden Maple Mining Company, who purportedly subleased the claim to Serona, required Gilt Edge's written consent before any sublease would be valid. This consent was not given by Gilt Edge; nor is there any evidence that Gilt Edge acquiesced to the sublease or otherwise waived its rights under the lease agreement with Golden Maple. It is therefore clear, this sublease is not binding upon the plaintiffs/respondents as a matter of law. Section 70-26-103, MCA. The District Court's order granting summary judgment is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to West Publishing Company.

Let remittitur issue forthwith.

_____
                                          Justice

We Concur:

_____
Chief Justice

2

_Diane G. Barr_

_William E Hunter_

_____
Justices

3